**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x

HIGHFIELDS CAPITAL I LP, HIGHFIELDS           :
CAPITAL II LP, and HIGHFIELDS CAPITAL III     :
LP,                                            :
                                               :
                                               :     **Case No: 15 Civ. 8465 (RMB) (JCF)**
              Plaintiffs,                      :
                                               :     **ECF Case**
        v.                                     :
                                               :
BARRICK GOLD CORPORATION, AARON               :
REGENT, JAMIE SOKALSKY, AMMAR AL-             :
JOUNDI, PETER KINVER, IGOR GONZALES,          :
GEORGE POTTER and SYBIL VEENMAN,              :
                                               :
                                               :
                                               :
              Defendants.                      :
-----------------------------------------------------------------x
BG LITIGATION RECOVERY I, LLC,                :
                                               :
              Plaintiff,                        :
                                               :     **Case No: 15 Civ. 8457 (RMB) (JCF)**
        v.                                     :
                                               :     **ECF Case**
BARRICK GOLD CORPORATION, AARON               :
REGENT, JAMIE SOKALSKY, PETER KINVER,         :
IGOR GONZALES, GEORGE POTTER and              :
SYBIL VEENMAN,                                 :
                                               :
              Defendants.                      :
-----------------------------------------------------------------x

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE (LETTER ROGATORY)**
**TO TAKE EVIDENCE ABROAD OF ARTURO VARELA**

The United States District Court for the Southern District of New York (the "Court")

presents its compliments to the appropriate judicial authority of the Republic of Chile, and

respectfully requests international judicial assistance to obtain evidence to be used in the above-

captioned civil proceedings pending before this Court, which is necessary in the interests of

justice.

Specifically, this Court requests that the appropriate judicial authority in Chile compel (i) the production of documents relating to the employment of Arturo Varela by Defendant Barrick Gold Corporation ("Barrick"), including, but not limited to, his involvement with the Pascua-Lama Project, and (ii) the taking of oral testimony under oath of Mr. Varela by counsel for Plaintiffs Highfields Capital I LP, Highfields Capital II LP, Highfields Capital III LP, and BG Litigation Recovery I, LLC (collectively, Plaintiffs"), regarding the same.  The Court authorizes the appropriate judicial authority in Chile to resolve any controversy regarding Mr. Varela's testimony and requests that the documents produced by Mr. Varela be returned to this Court under cover duly sealed and addressed to: Clerk of the District Court for the Southern District of New York (Attention: The Honorable James C. Francis), United States of America, 500 Pearl Street, New York, New York 10007-1312.

## I.      FACTUAL BACKGROUND

Pursuant to this request, Plaintiffs seek documents and oral testimony from Mr. Varela in the above-captioned civil lawsuits pending in the United States District Court for the Southern District of New York under Section 10(b) (and Rule 10b-5 promulgated pursuant thereto) and Section 20(a) of the Securities Exchange Act of 1934.  Plaintiffs are purchasers, or assignees of purchasers, of Barrick common stock.   Plaintiffs suffered significant investment losses in connection with Defendants' fraud relating to Pascua-Lama, a gold-mining project located on the border of Chile and Argentina in the Andes Mountains ("Pascua-Lama," or the "Project").  Plaintiffs allege three core sets of fraudulent misrepresentations by Defendants in connection with Pascua-Lama:  (1) misrepresentations concerning Barrick's compliance with environmental approvals governing Pascua-Lama; (2) misrepresentations concerning Defendants' evaluation of

-2-

and the effectiveness of Barrick's disclosure procedures and internal controls; and (3) misrepresentations concerning Barrick's impairment testing, the carrying amount of Pascua-Lama recorded by Barrick, and Barrick's reporting of net income and earnings per share.

Preceding these actions was a class action filed on December 12, 2013, on behalf of all purchasers of Barrick common stock who suffered losses as a result of Defendants' fraud. Plaintiffs are class members who, following an independent investigation by their own counsel, exercised their right to file individual actions against Defendants on October 27, 2015.  In the amended complaint filed in the class action (the "Amended Class Complaint"), the class plaintiffs rely on four Confidential Witnesses, one of whom the class plaintiffs have since identified as Mr. Varela (referenced in the Amended Class Complaint as the "Field Engineering Manager"), a Chilean resident.

Plaintiffs seek to recover compensatory damages and reasonable costs and expenses they incur in this litigation.  A trial date has not yet been set, but fact discovery is to be completed by October 25, 2016.  With this request, Plaintiffs seek documentary and testimonial evidence from Mr. Varela in Chile.

## II.      ASSISTANCE REQUIRED

The Court requests that the appropriate judicial authority designated to execute this Letter Rogatory compel the production of documents from Mr. Varela and the taking of oral testimony under oath of Mr. Varela by counsel for Plaintiffs as set forth below, to the extent permitted by Chilean law.

### A.      Definitions and Instructions

The following definitions and instructions shall apply to the requests for production of documents and oral testimony under oath:

1.      "Document," as described by Rule 34(a) of the United States Federal Rules of Civil Procedure, shall mean any designated documents or electronically stored information– including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations–stored in any medium from which information can be obtained either directly or, if necessary, after translation by into a reasonably usable form.

2.      "Person" or "Persons" means all individuals and entities, including but not limited to all natural persons, corporations, partnerships, ventures or other business associations, governments, and governmental agencies or divisions.

3.      The term "Plaintiffs" refers to Highfields Capital I LP, Highfields Capital II LP, Highfields Capital III LP, and BG Litigation Recovery I, LLC.

4.      The term "Lead Plaintiffs" refers to Union Asset Management Holding AG and LRI Invest S.A. and any subsidiaries, affiliates, or investment funds thereunder.

5.      The term "Defendants" refers to Barrick, Aaron W. Regent, Jamie C. Sokalsky, Ammar Al-Joundi, Peter Kinver, Igor Gonzales, George Potter, and Sybil E. Veenman.

6.      "You" or "Your" means Arturo Varela and any and all of his agents, representatives, consultants, contractors, investigators, attorneys, and any other Person or entities acting or purporting to act on behalf of Arturo Varela.

7.      "Individual Complaints" means the Complaints filed by Plaintiffs Highfields Capital I LP, Highfields Capital II LP, and Highfields Capital III LP on October 27, 2015 (No. 15-cv-8465, Dkt. No. 1) and Plaintiff BG Litigation Recovery I, LLC on October 28, 2015 (No. 15-cv-8457, Dkt. No. 16).

8.      "These actions" means *Highfields Capital I LP, et al. v. Regent, et al.*, No. 15-8465 (S.D.N.Y.) and *BG Litigation Recovery I, LLC v. Barrick Gold Corporation, et al.*, No. 15-

8457 (S.D.N.Y.).

9.     The term "Class Action" means *In re Barrick Gold Securities Litigation*, No. 13 Civ. 3851 (SAS).

10.     "Amended Class Complaint" means the Consolidated Amended Class Action Complaint filed by Lead Plaintiffs in the Class Action at Docket Entry No. 50.

11.     "Communication" means every contact of any nature, whether oral or written, from one person to another, whether in form of facts, ideas, inquiries, or otherwise, and any evidence of such contact, including without limitation any meetings, discussions, conversations, telephone calls, recordings, photographs, letters, correspondence, memoranda, notes, diaries, daily calendars, e-mails, voicemail messages, instant messages, computer files, electronic or magnetic media, or other documents concerning such contacts.

12.     The terms "related to," "relating to," and "concerning" shall mean relating to, concerning, referring to, describing, evidencing, or constituting, in any way, directly or indirectly.

13.     "And" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive.

14.     "All" means "any and all," and "any" means "any and all."

15.     Words in the singular and feminine gender shall respectively include the plural and masculine gender, and vice versa.

16.     The present tense includes the past and future tenses.

17.     These requests cover and seek Documents and Communications from any and all times.

B.      **Production of Documents**

Please produce, one month before the date set for Mr. Varela's deposition by the appropriate Chilean authority, copies of the following documents from Mr. Varela to the Court:

1.      All Documents in Your possession relating to Barrick or any of the named Defendants.

2.      All Documents You took with You when You left Barrick in or about August 2012.

3.      All Documents and Communications concerning Your departure from Barrick.

4.      All Documents and Communications concerning Your severance agreement with Barrick.

5.      All Documents concerning Communications You had with Lead Plaintiffs' counsel or an agent thereof in relation to the Class Action or the allegations in the Amended Class Complaint.

6.      All Documents and Communications concerning any of the Defendants, Barrick, or the allegations in the Amended Class Complaint that You provided to or discussed with Lead Plaintiffs' counsel, or an agent thereof.

7.      All Documents and Communications concerning any of the Defendants, Barrick, or the allegations in the Amended Class Complaint that You allowed Lead Plaintiffs' counsel, or an agent thereof, to examine.

8.      All Documents and Communications concerning whether You have been offered any compensation by Defendants or any of their affiliates in exchange for your cooperation in the Class Action or these actions.

9.      All Documents and Communications concerning Pascua-Lama.

C.      **Oral Testimony Under Oath**

The Court requests the oral testimony under oath of Mr. Varela to be taken by counsel for Plaintiffs.  If local law does not permit the use of oath or affirmation, then the evidence should be taken in the normal manner permitted by law.  It is requested that the examination be conducted in person and by video and stenographic means, and continue from day to day until completed. The subjects of the examination of Mr. Varela will include:

1.      Mr. Varela's employment with Barrick.

2.      Mr. Varela's recollection of his responsibilities concerning Pascua-Lama.

3.      Mr. Varela's recollection of his interactions with other Barrick employees, including senior executives and individuals with responsibility for Pascua-Lama.

4.      Mr. Varela's familiarity with measures Pascua-Lama took to remain environmentally compliant with applicable environmental regulations and permits.

5.      The allegations from the Amended Class Complaint attributed to Mr. Varela (*i.e.*, the "Operations Manager").

6.      The assertions made on Mr. Varela's behalf in the Declaration of Ada Fernandez Johnson dated February 18, 2016, claiming that Mr. Varela disputes the attribution of various allegations in the Amended Class Complaint to him.

7.      Any documents that Mr. Varela intends to produce.

Finally, it is requested that the following counsel of record for the parties be notified of the time and place for the examination of Mr. Varela within a reasonable time prior to such examination:

| *Counsel of Record for Plaintiffs:* | *Counsel of Record for Defendants:* |
|---|---|
| Lawrence M. Rolnick<br>Marc B. Kramer<br>Thomas E. Redburn, Jr. (*pro hac vice*)<br>Michael J. Hampson<br>LOWENSTEIN SANDLER LLP<br>1251 Avenue of the Americas<br>New York, New York 10020<br>Telephone: 212.262.6700<br>Facsimile: 212.262.7402<br>lrolnick@lowenstein.com<br>mkramer@lowenstein.com<br>mhampson@lowenstein.com | Bruce E. Yannett<br>Elliot Greenfield<br>DEBEVOISE & PLIMPTON LLP<br>919 Third Avenue<br>New York, New York 10022<br>Tel: (212) 909-6000<br>Facsimile: (212) 909-6836<br>beyannett@debevoise.com<br>egreenfield@debevoise.com |

## III.      <u>RECIPROCITY AND COSTS</u>

The United States District Court for the Southern District of New York respectfully expresses its willingness to provide similar assistance to the judicial authorities of the Republic of Chile.  The fees and costs incurred in executing this request that are reimbursable pursuant to applicable law will be borne by Plaintiffs.

Please accept the assurance of our highest esteem.

Dated:  New York, New York

_____ ___, 2016

_____
Hon. James C. Francis
United States Magistrate Judge

-8-